E. W. HUNTINGTON, Administrator, *v.* WIDOW ELLEN LEGROS.

This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estates which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two, and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase.

At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless they satisfactorily prove which of such effects they brought in marriage, or have been given them separately, or they have respectively inherited.

The declaration is an authentic act, that property was acquired by a partner in community with separate funds, does not relieve that person from the burden of proving that fact *aliunde.*

APPEAL from the Sixth District Court of New Orleans, *Duplantier, J. Geo. L. Bright,* for plaintiff. *Gustavus Schmidt,* for defendant and appellant.

HOWELL, J.   Plaintiff alleges that the succession of J. M. Laborde, deceased, administered by him, is the owner of a certain lot of ground, with all the improvements thereon, purchased by said deceased by act before J. W. Breedlove, notary, on 19th October, 1859, and paid for by him ; that his widow, the defendant, has illegally taken and kept possession thereof since his death ; that she asserts ownership of the same, and has received and retained the revenues thereof ; and he prays that the same be declared to be the property of said succession, and for judgment for the rent.

The defendant excepts to the plaintiff's right to proceed in this suit ; denies his authority to represent the succession of her late husband, and pleads the general denial.

Judgment was rendered overruling the exception, decreeing the property to belong to the succession of J. M. Laborde, and dismissing the claim for rent ; from which defendant appealed.

She contends that there is error in dismissing her exception, inasmuch as plaintiff did not allege, and could not therefore prove the insolvency of the succession and the necessity of bringing into the succession the property held in her name, and her title to which could only be questioned by creditors and heirs.

It is true the petition does not contain such allegations ; but as the exception was tried with the merits, and the mortuary proceedings were introduced without any restriction or qualification, they must be considered as offered to prove plaintiff's right of action as well as his capacity.

By an examination of them, we find that the liabilities of the succession largely exceed its assets, and thence the right of the administrator, as representing the creditors, to maintain his action for the property in question.   The fact that he charged and was allowed commissions on a sum *much larger than the amount of the inventory,* does not prove the succession to be worth that sum.

On the merits, we think the lower Court did not err in decreeing the property to belong to the succession.   The act of sale shows that it was

acquired during marriage, and although taken in her name alone, the law declares it to belong to the community, unless the contrary is satisfactorily proven. C. C. Arts. 2371, 2374. The declaration in the act that it was acquired with her separate funds does not relieve her from the burden of proving that fact aliunde. She offered no proof whatever.

Judgment affirmed, with costs.