## No. 5438.

### MARY DUNCAN VS. MICHAEL DUNCAN.

Parol evidence is not admissible to prove an acknowledgment of, and promise to pay a debt, after the debt has become prescribed.

Prescription will not be suspended on account of the absence of the creditor from the domicile of the debtor, when it appears that it was in the power of the creditor to reach the domicile, and there bring suit in time to avoid the prescription of his debt.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J. Trial by jury.

*Belden & Handlin,* for plaintiff and appellee.

*Foley & Buisson,* for defendant.

#### ON MOTION TO DISMISS.

The opinion of the court was delivered by

EGAN, J. The motion to dismiss this appeal, filed on November 9, 1877, is upon the identical ground taken in a former motion to dismiss, filed November 12, 1875, which was overruled by our predecessors. The appellee can not be permitted thus to revive an issue already decided against him. The motion to dismiss is overruled.

#### ON THE MERITS.

The plaintiff sued for $1490, money alleged to have been loaned to the defendant, in 1857 and 1858. The defendant pleads a general denial and the prescriptions of three, five, and ten years. There is a mass of contradictory, and (as the plaintiff has chosen her action) irrelevant testimony in the record, which it is unnecessary, therefore, to consider in the present case. The transcript has been made up with culpable carelessness, and displays frequent and evident errors. There is, however, evidence enough in it to correct the principal errors, and to enable us to adjudicate the case, and we shall proceed to do so.

The plaintiff relies mainly upon two drafts or checks of the defendant, the dates of which are both erroneously given in the record, but are sufficiently shown by the evidence of plaintiff herself and other witnesses, to inform us that the first, that on the Bank of James Robb, was given some time in 1858, and the last, that on the Merchants' Bank, some time in 1859, probably in February of that year. These drafts are both for

the same amount, which is precisely that sued for, $1490, and the latter is admitted by the plaintiff, and otherwise shown to have been given, in lieu of the former, the bank of James Robb having been merged in and succeeded by the Merchants' Bank. In June, 1860, the plaintiff went to Ireland to visit her relations, and *took the drafts or checks with her*, without having presented either of them for payment until her return to New Orleans, in November, 1868, when she presented the later check, that on the Merchants' Bank, and was answered that there were no funds to meet it. Both checks were payable to her order, and drawn by the defendant. It is unnecessary to consider the effect, if any, of the late civil war upon the rights of the parties to this litigation in regard to the matter of prescription; as to whether this be considered an action for money loaned, which the plaintiff has chosen to make it, and by which she is bound, or on the check of the defendant, which seems only to have been introduced and relied upon of *evidence of the alleged loan.*

There was no inability on the part of the plaintiff to reach the city of New Orleans (her own domicile and that of the defendant all the time), and to have instituted suit in ample time to have avoided the effect of any prescription applicable to either action. Neither can she be considered to have presented the check within a reasonable time, as she might have done, either before or after the close of the war. It is, however, urged that the defendant acknowledged the debt, and promised to pay it some time in 1871, within less than three years prior to the institution of this suit, which was on the *third of May*, 1873. Even accepting the truth of the statements on this subject, they can not be considered, as the only evidence is parol acknowledgments and promises made by the defendant, "after prescription had already run," to the reception of which the defendant excepted, and which was not receivable under the statute. R. C. C. 2278, paragraph four, which is but a reprint of the old law. This evidence was improperly received in the court below, and can not, therefore, be considered on appeal.

Under the pleadings and the evidence, the defendant's plea of prescription should have been sustained. The case was tried by a jury, and there was a verdict and judgment for the plaintiff, for one thousand dollars. Precisely how this sum was arrived at by the jury, the record does not inform us, and there are some circumstances in the case which may have affected the jury unfavorably toward the defendant, and tended to induce the verdict which, under the law and facts, we feel it our duty to set aside. Had the evidence been confined to that introduced by the plaintiff, or to the real issues in this case, we should be content to stop here. The defendant has, however, in his zeal to defeat the plaintiff's present action, disclosed some facts which tend to show that, whether equitably liable to plaintiff or not, he may be, to some extent, legally so

Mary Duncan vs. Michael Duncan.

in another action or other amount.   We refer more particularly to the
price of bank stock which he himself owns to have belonged to the plain-
tiff, and the proceeds of which, when sold, appear to have inured to his
benefit.  Neither this nor any balance of rents collected, if such there be,
can be allowed in this action; but, that no possible prejudice may result,
the right of plaintiff, if any such she have, to recover in another action
on these accounts, is reserved to her from this adjudication.

This record has an unsavory odor of family discord, resulting, to all
appearance, from a disreputable attempt to control the small means of
an ancient maiden.   It is probable, from the evidence, that so far at
least as the defendant is concerned, the late war and its unhappy conse-
quences of loss and decline of property and business, and an honest im-
pression that he had essential rights, may have been mainly responsible.
Plaintiff and defendant are brother and sister, and appear to have lived
most amicably and happily together, as becomes that relation, for very
many years, and with the utmost mutual trust and confidence.   During
all those years the plaintiff was the recipient from the defendant of many
substantial evidences of brotherly regard and liberality, and, whatever
may be her present legal rights as against the defendant, the evidence
renders it probable that they are mainly due to that kindness and confi-
dence, and that, but for the avariciousness and interference of others,
who have contributed nothing toward, but who seek to control them, those
rights would never have been strictly asserted or inquired into; but that
the old and proper relation between the parties would have continued
undisturbed, to the mutual benefit and happiness of both.   While we
can not reach or remedy this through the law, we can not permit it to
pass unnoticed or unrebuked.   We trust we shall not be called upon to
witness its repetition.

It is therefore ordered, adjudged and decreed that the defendant's
plea of prescription to plaintiff's action be sustained, and that the ver-
dict of the jury and judgment of the court below be set aside and
avoided, and plaintiff's suit be dismissed with costs of both courts.   It
is further ordered and adjudged that her right of action for any amount
which may be due her from defendant on account of bank stock sold by
him, and rents of property received and unaccounted for, if any such
there be, be and it is hereby reserved to the plaintiff.