Oriol et al. vs Moss et al.

No. 190.

John G. Oriol, Tutor, et al. vs. Mouning Moss et al.

Want of notice of order of seizure and sale or of the seizure, where the defendant adminis-
trator has waived such notice, comes within the irregularities referred to in C. C. article
3543, and are cured by the prescription of five years, which runs against minors.

A purchaser at a judicial sale under an order of seizure and sale of a court of competent
jurisdiction, in a proceeding against the legal representative of the person in whose sole
name the property stood of record, without knowledge, express or implied, of the exist-
ence of any claim of a deceased wife in community, is a purchaser in good faith, and
although the heirs of such deceased wife may recover her share of the property, they
are entitled to revenues only from date of their claim, and must reimburse the expendi-
tures of defendants, such as taxes.

APPEAL from the First District Court, Parish of Caddo.
       Taylor, J.

*R. J. Looney* and *J. H. Shepherd,* for Plaintiffs and Appellants.

*Alexander & Blanchard,* for Defendants and Appellees :

1.  Where minor heirs claim the property of their ancestor, for alleged illegalities in the
    sale thereof, they must, as a condition precedent to suit, return or offer to return the
    purchase price of the property which enured to their benefit by going to pay a debt
    due by such ancestor. 21 Ann. 383, 425 ; 24 Ann. 324 ; 26 Ann. 234 ; 28 Ann. 269 ; 30
    Ann. 174, 891, 1232 ; 3 Ann. 121.

2.  All irregularities and informalities connected with or growing out of any public sale are
    cured by the lapse of five years, and this prescription runs agains minors.  C. C. 3543 ;
    21 Ann. 584 ; 24 Ann. 24; 29 Ann. 534 ; 33 Ann. 673, 1043 ; 34 Ann. 205.  Want of notice
    of seizure, want of actual seizure, want of appraisement, and waiver of notice of order
    of seizure and sale by an administrator, have all been expressly held to be covered by
    this prescription. 24 Ann. 24 ; 33 Ann. 1043,

3.  A *bona fide* purchaser at a judicial sale is protected by the decree.  He is not bound to
    look beyond it. 2 Ann. 466 ; 14 Ann. 622 ; 19 Ann. 353 ; 20 Ann. 124 ; 32 Ann. 292 ; 36
    Ann. 444

4.  A purchaser in good faith is liable for rents only from judicial demand.  C. C. 3453 ; 27
    Ann. 398 ; 34 Ann. 127 ; 35 Ann. 1090 ; 38 Ann. 150.

5.  Such a purchaser is entitled to be reimbursed for all improvements made or taxes paid
    by him on the property.  C. C. 3453.  And he is entitled to be so reimbursed, even when
    the title under which he holds is declared to be an absolute nullity. 34 Ann. 407, 705 ; 35
    Ann. 1086.

The opinion of the Court was delivered by

FENNER, J.   Plaintiffs sue as children and forced heirs of their
father and mother, Salvator and Ellen Justi, between whom existed
the community of acquets and gains, which community, in 1871, ac-
quired, by purchase in the name of the husband, lot No. 11, of block
42, of the town of Shreveport, which is the subject-matter of this
controversy.

Mrs. Justi died in 1872.   Her succession was not opened, nor did the
father qualify as natural tutor of the minor children.

In 1873, after the death of the wife, Justi, in whose name the title stood, granted a mortgage on the property to secure a debt created and due by himself individually, in favor of one Dalpino.

Justi died, and his succession was opened and administered by the public administrator.

Thereafter, Dalpino proceeded, in the district court, against the succession of Justi, for a foreclosure of his mortgage, by executory process. The attorney of the public administrator, and subsequently, the administrator himself, accepted service of the petition for foreclosure, and waived all other and further writs, notices and delays, and agreed that the property be sold on the sale day of August, according to advertisement.

Notwithstanding this waiver, it appears that all delays and formalities were fully complied with, excepting only the notice of seizure, which, notwithstanding the waiver, was issued, but only served on the attorney of the administrator.

At the sale, under these proceedings, defendant became the adjudicatee of the property for the price of $500, and has since possessed the same.

Plaintiffs, as heirs of their father and mother, attack this proceeding and the sale under it, as absolute nullities, and claim the property with its revenues.

I.

There can be no doubt that, at the dissolution of the community, Salvator Justi became the owner of an undivided half of this property, and that, as against this half, his mortgage was perfectly valid.

Plaintiffs claim, however, that the mortgage was inoperative as to them, because it was not recorded until after Justi's death, and because, as forced heirs, they stand as creditors of the succession, citing McCarty vs. Bond, 9 La. 354; Boyles vs. Escofier, 2 Ann. 872; Suc. Harkins, 2 Ann. 923; Suc. Rhoton, 34 Ann. 896, and Rev. C. C. 2264, 2266, 3342, 3347, 3363.

This position is utterly untenable. It is true that, under the above authorities, a mortgage not recorded until after the death of the mortgagee, is without effect against his creditors; and it is also true that, in a certain sense, and for the purpose of attacking disguised donations, simulated transfers and like devices of the ancestor, to defraud them of their *legitime*, forced heirs are assimilated to creditors, and are granted similar rights.

But, as against real and *bona fide* creditors of their ancestors, they have no greater rights than other heirs, because their claim as forced

heirs only attaches to the residue left after payment of such debts. There is no dispute of the validity and reality of the debt and mortgage of Dalpino, and, even without registry, they were binding as against his succession and heirs whether ordinary or forced.

Plaintiffs next assert the nullity of the sale on the ground of certain nullities in the proceedings, viz: Want of notice of order of seizure and sale, insufficiency of waiver by administrator to cure same, issuance of notice of seizure by sheriff instead of by clerk and service on attorney instead of on the administrator.

The record does not show that the notice served by the sheriff was not signed by the clerk.

Even if it did, the very authorities cited by plaintiffs show that such defect could not be urged to defeat the title of a purchase at such sale. Hart vs. Pike, 29 Ann. 262 ; Billgery vs. Ferguson, 30 Ann. 86 ; Suc. Sadler vs. Henderson, 35 Ann. 806.

This, however, and the mode of service are of little consequence, because all the defects urged have been held subject to the prescription of five years under art. 3543 of the Code, which is pleaded herein, and, by the terms of the article, runs against minors. Munholland vs. Scott, 33 Ann. 1043 ; Allen vs. Couret, 24 Ann. 24 ; Woods vs. Lee, 21 Ann. 506.

We are not to be understood as extending this doctrine to entire absence of notice, but only to cases where there has been a waiver or the like, showing actual notice.

We conclude that the judge a quo has rightly rejected plaintiffs' demand so far as it affects the husband's half of the property.

II.

There is no controversy as to the right of plaintiffs to recover the share of their mother in the property.

The only question is as to the relative rights of the parties with regard to revenues and improvements.

The defendant was certainly a possessor in good faith.

She was a purchaser at a judicial sale, made under a decree of a court of competent jurisdiction, in a proceeding against the legal representative of the person in whose sole name the property stood upon the records. Nothing on the face of the proceedings or of the records suggested any other ownership than that of the debtor proceeded against ; nor is there any hint that defendant had actual knowledge of the latent rights of Mrs. Justi, or even that she had ever existed.

Defendant " possessed as owner by virtue of an act sufficient in terms to transfer property, the defects of which he was ignorant of,"

C C. 503, and had just reason to believe herself the owner. C. C. 3451. Hutchinson vs. Jamison, 38 Ann. 150; Barrow vs. Wilson, 38 Ann. 209; Giddens vs. Mobley, 37 Ann. 417; McCloskey vs. Webb, 4 Rob., 205.

It follows that she is only liable for rents from judicial demand, and is entitled to be reimbursed the expenses she has incurred on the thing. C. C. 3453.

The defendant claims, and was allowed reimbursement of half the taxes which had been paid on the property, and this was unquestionably correct. She was also condemned to pay rent from judicial demand.

Judgment affirmed.