145 So. 269

## Succession of McMAHON.

### No. 31787.

Nov. 28, 1932.

Rehearing Denied Jan. 3, 1933.

J. S. Gautreaux, of New Orleans, for appellant Marie C. McMahon.

E. M. Stafford and H. W. & H. M. Robinson, all of New Orleans (H. W. Robinson, of New Orleans), for appellee Julia Ida McMahon.

*OVERTON, J.*

By olographic will, dated January 24, 1930, John R. McMahon made his sister, Julia Ida McMahon, his universal legatee, and appointed her executrix of his last will and testament. The will, upon the death of McMahon, was probated, and Miss McMahon was qualified as executrix. During the course of the probate proceedings, Mrs. Marie Capdau McMahon, the widow of the testator, petitioned the court to correct the inventory of the estate of the deceased by eliminating from it three pieces of real estate, located on South Cortez and Milan streets, in the city of New Orleans, purchased in her name, during the existence of the community between her and her husband, the deceased, and also by striking from it credits to her account in six banks in the city of New Orleans, aggregating, approximately, $14,057. The reason why Mrs. McMahon desires the elimination of the three pieces of real estate and the credits from the inventory is that she claims them as her separate and paraphernal property.

The presumption is that all property acquired during the existence of the community

belongs to the community, although the purchase be in the name of the wife only. Civ. Code, arts. 2402, 2405. To rebut this presumption, the wife must show with legal certainty: First, that the funds constituting the price paid for the property, were her paraphernal funds; secondly, that they were administered by her; and, thirdly, that they were invested by her. Stauffer, Macready & Co. v. Morgan, 39 La. Ann. 632, 2 So. 98; Otis v. Texas Co., 153 La. 384, 96 So. 1.

The trial judge, after having taken the case under advisement, found that Mrs. McMahon had failed to carry the burden resting upon her, and therefore rejected her demands. As to whether she has carried this burden successfully involves a consideration of the weight to be attached to the evidence. A careful scrutiny of the evidence, given by Mrs. McMahon, shows that it contains many contradictions within itself, and, in other respects, has not the weight it should have to overcome the presumption that the property is community property. For these reasons we think we should not disturb the findings of our brother below, except on one point.

■ Mrs. McMahon asks that, in the event the property and bank credits—the subjects of this litigation—are not decreed to be her separate funds and property, she have judgment against the succession for the amount of her separate funds that went into the community. We are not prepared to say what part, if any, of her separate funds so went. However, the record makes it clear enough that she obtained $2,000 on an insurance policy on the life of her brother and inherited from him real estate, which she afterwards sold for, say, $2,145. We think her right to recover the amount due her, if any, derived

from these two sources, on making proper proof that the amount went into the community, should be reserved her.

For these reasons, the judgment is amended by reserving to Mrs. McMahon the right to recover the money said to have been derived by her from the two sources, stated in the premises, and, as thus amended, it is affirmed, the succession to pay the costs of this appeal.