148 So. 34

˹CHARLES LOB'S SONS, Limited, v. KARNOFSKY et al.

No. 32179.

March 27, 1933.

Rehearing Denied May 1, 1933.

Rosen, Kammer, Wolff & Farrar and Dufour Bayle, all of New Orleans, for applicant.

Ben Washastrom, of New Orleans, for respondent.

ROGERS, Justice.

Charles Lob's Sons, Limited, brought suit against Mrs. Louis Karnofsky and her husband, Louis Karnofsky, in the first city court of New Orleans, for the balance due on certain merchandise sold and delivered to Mrs. Louis Karnofsky.

Plaintiff alleged that Mrs. Karnofsky at the time the merchandise was sold and delivered to her was engaged in the tailoring business, under the trade name of "Model Tailors," separate and apart from that of her husband, who was engaged in the shoe business. Plaintiff also alleged the existence of a community of property between the spouses, and that as the wife was engaged in business as a public merchant, her husband, though not interested in the business, was solidarily liable with her for the obligations thereof under the provisions of article 131 of the Civil Code.

Mrs. Karnofsky made no appearance, and judgment was taken against her by default. Mr. Karnofsky, however, appeared and vigorously resisted plaintiff's suit. After a trial on the merits, judgment was rendered against Mr. Karnofsky, holding him liable solidarily with his wife for the amount of plaintiff's claim. On his appeal to the Court of Appeal for the parish of Orleans, the judgment against Mr. Karnofsky was reversed, and the case is now before us on plaintiff's successful application for a writ of review.

Article 131 of the Civil Code reads as follows, viz.:

"If the wife is a public merchant, she may, without being empowered by her husband,

obligate herself in anything relating to her trade; and in such case, her husband is bound also, if there exists a community of property between them.

"She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband."

The Court of Appeal correctly found that Mr. and Mrs. Karnofsky were living together for many years under the régime of the matrimonial community, and that the husband permitted the wife to engage in and conduct a tailoring business as her separate business. However, the Court of Appeal, construing article 131 of the Civil Code with article 1786 of the same Code, providing that, "the authorization of the husband to the commercial contracts of the wife is presumed by law, if he permits her to trade in her own name," exonerated Mr. Karnofsky from all liability for the debts due by his wife's separate business, on the ground that she was a manufacturer and not a public merchant within the meaning of the codal article.

The question arising in the case, therefore, is the proper interpretation of the term "public merchant" as used in article 131 of the Civil Code. Is the term, as contended by the defendant and as held by the Court of Appeal, to be applied restrictively to the separate commercial enterprises of the wife, or, as contended by plaintiff, is it to be applied broadly to such enterprises?

The Court of Appeal applied to the term "public merchant" its dictionary meaning "of one whose business is to buy or sell merchandise." But the codal article, itself, lays down the definition to be given to the term. Thus, in its second paragraph, the article declares: "She [the wife] is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband." (Writer's italics.) And the term "trade," according to the lexicographers, has a wider meaning than the term "merchant."

The general rule in the construction of a statute is to adhere to the ordinary meaning of the words used, unless it is manifest from the general scope and intention of the statute, itself, injustice and absurdity would result from such adherence.

Now, in ordinary language, the term "trade" is employed in three senses, viz.: First, in that of exchanging commodities by barter or by buying and selling for money; secondly, in that of an occupation generally; and, thirdly, in that of a mechanical employment, in contradistinction to the learned professions, agriculture or the liberal arts.

Although the term "trade" is chiefly used to denote the barter or purchase and sale of goods, wares, and merchandise, either by wholesale or retail, in a larger sense it comprehends every species of exchange or dealing, either in the produce of land, in manufactures, in bills, or in money. Vide, "Trade, 6. (b)," Webster's New Int. Dict.

We think that the term "trade" as used in explanation of the term "public merchant" in article 131 of the Civil Code must be taken in a broad and not in a narrow sense, and that it is intended to comprehend any business of the wife who is engaged in buying and selling merchandise, even though

she converts raw material into a finished product. In this sense, the separate trade of the wife referred to in the codal article includes any commercial employment or business in which she is engaged separate from her husband's business or trade.

■ The theory of the law, as expressed in the codal article, in holding the husband bound for the debts of his wife's separate business, is that the profits of the business belong to the matrimonial community. This was so up to the passage of Act No. 170 of 1912, and we think it is still so where the wife engaged in a separate trade is living with her husband. See Houghton v. Hall, 177 La. 237, 148 So. 37, and Succession of Howell, 177 La. 276, 148 So. 48, this day decided.

In view of the intent and purpose of the law, it would be manifestly unjust to restrict its application to only the commercial enterprises of the wife in which she merely sells the goods that she buys and not to extend its application to a business in which she contributes her industry and skill to converting what she buys into another product. Any other interpretation of the law, it seems to us, would defeat the object the Legislature intended to attain, namely, to hold the husband responsible with his wife for the obligations of her separate business in the profits of which he jointly shares.

■ Counsel for the defendant Karnofsky suggests that the expression "community property," as used in article 131 of the Civil Code, does not mean the "community of acquêts and gains," but means that there must be a common ownership of the property used in the separate business of the wife.

There is no force in the suggestion. As explained by the Court of Appeal in its opinion herein, the community referred to in the codal article is the community which is customarily intended where the words are used in this state with reference to married persons. As pointed out by the Court of Appeal: "If the word 'community' referred to property used in the business, or resulting from the operation of the business, then there would have been no necessity for the statement in this article that the husband is liable for the debts created by the wife in connection with a business operated jointly by the spouses and in which the husband permits the wife to make purchases, because, if a husband and wife are engaged in business together, whether as public merchants or otherwise, then if the husband permits the wife to make contracts connected with that business, he is liable on those contracts, whether the business be such as may be classified as that of a public merchant or otherwise."

There is nothing in our view which conflicts with Act No. 186 of 1920, amending article 2334 of the Civil Code, defining the separate and common property of married persons; Act No. 96 of 1926, amending article 2404 of the Civil Code, relative to the rights and restrictions of the husband as head and master of the matrimonial community; or the so-called emancipation of married women statutes (Act No. 132 of 1926 and Act No. 283 of 1928).

For the reasons assigned, the judgment of the Court of Appeal is annulled and the judgment of the first city court of New Orleans is reinstated and made the final judgment of

this court; all costs of this suit to be paid by the defendants.

ODOM, J., dissents from that part of the opinion which involves the interpretation of article 2334 of the Civil Code.