OYERTON, Justice.
 

 The plaintiff, in the suit of Norman Mayer & Co. v. Thomas W. Montgomery, caused a writ of fieri facias to issue from a judgment obtained therein, and seized, through the sheriff, an undivided half interest in two tracts of land in the parish of Pointe Coupee, described as lots 5 and 6 on a plot of Batanadle or Innis plantation, and also a third tract of land, consisting of 101.28 acres, and bordering partly on lot No. 5 of the foregoing plot.
 

 The three tracts were seized as the property of the community, existing between Thomas W. Montgomery, the judgment debtor, and his wife, Mrs. Edna Innis Montgomery, the plaintiff in the present suit. Mrs. Montgomery contends that the three tracts are her separate and paraphernal property, and accordingly has brought this suit to have them so decreed, and in her petition has prayed for a writ of injunction to prohibit the sale of the property to satisfy the writ of fieri facias, and has asked that the writ be perpetuated.
 

 The trial of .the rule nisi for the issuance of the writ resulted in a preliminary injunction being granted. On the trial of the merits of the case, however, plaintiff’s demand was rejected and the injunction was dissolved. Accordingly, plaintiff has appealed.
 

 The community of acquets and gains exists between plaintiff and her husband. She brought nothing into marriage with her. Bater, however, she acquired property and some money or its equivalent by inheritance from her father. The real estate, here involved, however, forms no part of her inheritance. The undivided half interest in lots 5 and 6 was, according to plaintiff’s petition, purchased by her from her mother with her own separate and paraphernal funds un
 
 *315
 
 der her separate administration, and for her own benefit, and the remaining tract wás, according to the same pleading, purchased by her at tax sale with her paraphernal funds likewise administered. The administration, she urges, was through her husband as her agent, or at least largely so, and at all times, she alleges that it was her administration and not that of her husband.
 

 The law presumes that property purchased during marriage is community property. This presumption, when the wife claims the property, can be rebutted only by clear, positive, and convincing evidence, showing (1) her possession of paraphernal funds under her administration and available for investment; (2) that the cash portion of the purchase price bears such a relation to the whole as that the property will afford sufficient security for the credit portion; and (3) that her paraphernal property and revenues are ample to enable her to make the purchase with reasonable expectation of meeting the deferred payments. Bachino v. Coste, 35 La. Ann. 570; Knight v. Kaufman & Meyer, 105 La. 35, 29 So. 711; Fortier v. Barry, 111 La. 776, 35 So. 900.
 

 The evidence in this case falls short of meeting the foregoing requirements as to the degree of proof necessary to overcome the presumption that property purchased by the wife during marriage is community property. The evidence produced by plaintiff is conflicting and lacks that degree of certainty and positiveness necessary to convince the mind that the property or any part of it is the wife’s separate property. Moreover, the evidence to establish that the husband always acted as agent for the wife instead of as head and master of the community is very uncertain. The effect of this uncertainty throws grave doubt on-the paraphernality of the funds or a large part of them that went into the property, including that purchased at tax sale. As to the contention that the purported sale of the undivided half of lots 5 and 6 to plaintiff by her mother was not a sale, as urged by plaintiff, but an onerous donation, the contention is wholly without merit. The evidence far from establishes that the transaction was an onerous donation. Plaintiff gave her five-year note for the property, amounting to $6,800, which was later paid, we think out of funds belonging, at least, in large part, to the community. The consideration may have been a reduced one, but the transaction, as the circumstances show, was a sale. In these circumstances, we should hold, as did the trial judge, that .the three tracts are community property.
 

 Defendant Norman Meyer & Co', in its answer to the merits, asked in the event of the dissolution of the injunction for damages as attorney’s fees, amounting to $1,000, for obtaining the dissolution of the writ, and also asked for 8 per cent, per annum interest on the amount of the judgment enjoined as further damages, and for 20 per cent, damages on the amount of that judgment, .the damages to be allowed against plaintiff and her surety in solido.
 

 The trial court rejected the demand for attorney’s fees and for 20 per cent, damages,' but allowed the 8 per cent, yearly interest against plaintiff and the surety on the injunction bond, in solido, for the period of the operation of the injunction. .
 

 
 *317
 
 There is no complaint urged as to the allowance of interest, but the defendant Norman Mayer A Co. has in its answer to the appeal asked that the judgment be amended so as to allow the attorney’s fees and the 20 per cent, damages.
 

 ' The trial court correctly rejected the demand for attorney’s fees. It is well established that attorney’s fees are not allowed as damages, when, as was the case here, the injunction was dissolved as a result of the trial on the merits. The claim for 20 per cent, damages, which is provided for by article 304 of the Code of Practice, was also correctly disallowed. Such damages are | punitory in their nature. There was here no 1 such abuse of the writ as to warrant their ¡imposition or any part of them. Kentwood Bank v. McClendon, 152 La. 489, 93 So. 748.
 

 For these reasons, the judgment appealed from is affirmed.
 

 ST. PAUL, J., absent