### DREWETT et al. v. CARNAHAN et al.
### No. 5721.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Writ of Certiorari and Review Denied Aug. 5, 1938.

Joel L. Fletcher, of Colfax, for appellants.

James H. Williams, of Colfax, and Ward T. Jones, of Alexandria, for appellees.

HAMITER, Judge.

Some months ago this case was before us (165 So. 538), and later before the Supreme Court (186 La. 243, 172 So. 6), for consideration relative to a matter of pleading, and was remanded by the latter to the district court for further proceedings. It is here now for a review of its merits.

While married to and living with Robert L. Carnahan, and during the existence of the community of acquets and gains, Mrs.

Louella Drewett Carnahan was designated as the vendee in each of two instruments of conveyance affecting a like number of parcels of real estate situated in the town of Colfax, Louisiana. One was executed in her favor by W. J. Drewett and others, and we shall hereinafter refer to the tract therein described as the Drewett property. The other was an act of the Colfax Lodge No. 259, Free and Accepted Masons, and the parcel affected by it will be known herein as the lodge property.

Mrs. Carnahan departed this life on August 1, 1927, at which time there were standing in her name the above referred to parcels of real estate and funds on deposit in the Bank of Colfax in the amount of $609.81. No ascendants or descendants survived her.

On August 23, 1927, her surviving husband, Robert L. Carnahan, caused the filing of a petition for the opening of her succession and the settlement of her estate, and on September 6, 1927, after due proceedings were had, there was judgment recognizing said petitioner to be her sole and only heir and ordering that he be sent and put in possession of the aforementioned real estate and funds on deposit.

The husband died during the year 1934. Surviving him, and being of a marriage contracted prior to that with Mrs. Louella Drewett Carnahan, were five children who went into possession of the property of his succession. Included in his estate were the two parcels of real estate in the town of Colfax to which reference is above made.

This suit was instituted on October 13, 1934, by the surviving brothers and sisters of Mrs. Louella Drewett Carnahan, and by children of a pre-deceased sister, against the five children born of Robert L. Carnahan during his former marriage. Plaintiffs allege that the aforedescribed real estate and funds were the separate and paraphernal property of Mrs. Carnahan and they seek to recover those assets. They also ask judgment for certain rents and revenues alleged to have been derived from the real estate.

It is also alleged in the petition that one of said plaintiffs, viz: Foster M. Drewett, owns an undivided one-eighteenth interest in the Drewett property because of the fact that he was a minor when the purported sale thereof was made to Mrs. Carnahan, and the interest which he owned

was not legally transferred. To this claim defendants pleaded the prescriptions of five and ten years. .

After trial there was judgment in favor of all plaintiffs recognizing them as the legal owners in indivision of a one-eighteenth interest in the Drewett property. The judgment further decreed that the demands of plaintiffs in all other respects be rejected and that defendants be recognized as the legal owners of the property and effects involved in this proceeding, except said one-eighteenth interest. The pleas of prescription directed to the Foster M. Drewett claim were sustained. Defendants were ordered to pay the costs of the proceedings. ・

A devolutive appeal was perfected by plaintiffs. Defendants neither appealed nor filed answer to plaintiffs' appeal.

 As before stated, titles to the two parcels of real estate were placed in Mrs. Carnahan's name during her marriage with Robert L. Carnahan, and while the community of acquets and gains existed between them. The deed affecting the lodge property made no mention of the character of funds employed in making the purchase. In the affidavit of acceptance attached to the credit deed covering the Drewett property, which was executed by the wife with the written authorization of her husband, the assertion is made that the purchase was "to be separate and paraphernal property". Notwithstanding the naming of Mrs. Carnahan as vendee in each of the instruments and the verbiage therein used, all as herein outlined, the presumption is that the property belonged to the community which existed between the two spouses. The law of Louisiana pertaining to this legal question, and to the manner of overcoming the presumption, is well summarized in the case of Houghton v. Hall et al., 177 La. 237, 148 So. 37, wherein the Supreme Court stated (page 39):

"As we have said, all of the property ever acquired by Mrs. McCormick was acquired by her during her marriage. The presumption therefore is that the moment it was acquired the title to it vested in the community, or in other words that it became the property of the community, existing between the two spouses—and this, no matter in whose name the acquisitions were made—whether in the name of the husband or in the name of the wife. Civil Code, art. 2402. Such being the presumption, those who assert that property so ac-

quired is the separate property of one of the spouses must establish it. Huntington, Administrator, v. Legros, 18 La.Ann. 126; Cosgrove v. His Creditors, 41 La.Ann. 274, 6 So. 585. This presumption is not overcome by the declaration of the spouses in a deed to the wife that the latter is purchasing with her own separate and paraphernal funds, under her separate administration. Shaw v. Hill, 20 La.Ann. 531, 96 Am.Dec. 420; Gogreve v. Dehon, 41 La.Ann. 244, 6 So. 31. The wife, and those claiming through or from her, to overcome the presumption in favor of the community, must establish three crucial facts, namely: (1) The paraphernality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her. Stauffer, Macready & Co. v. Morgan, 39 La.Ann. 632, 2 So. 98.''

Also pertinent to the matter of the legal presumption above mentioned are the cases of Succession of McMahon, 176 La. 63, 145 So. 269, and Montgomery v. Bouanchaud, 179 La. 312, 154 So. 8.

The fact that the husband joined Mrs. Carnahan in the acceptance affidavit, in which it was stated that the Drewett property was to be that of her separate and paraphernal estate, does not preclude these defendants from contending and showing that such real estate belonged to the community. They are forced heirs of said husband, and therefore are not estopped by his declaration with reference to the property's character. Houghton v. Hall et al., supra; Westmore v. Harz, 111 La. 305, 35 So. 578.

It was the conclusion of the trial judge that plaintiffs failed to prove with legal certainty that the real estate in question belonged to the wife's separate estate, and, consequently, did not discharge the burden which the law imposes on them. We have given studious consideration to all of the evidence in the record, a discussion of which will not be furnished herein for no benefit would be afforded any one by it, and a similar conclusion has been reached by us. It is sufficient to say that the proof does not establish the paraphernality of the funds used in making the purchases.

Plaintiffs sought, during the trial of the case, to adduce parol evidence to show that the deed affecting the Drewett property was intended as an act of donation inter vivos and not that of a sale.

Timely objections were urged by defense counsel and the evidence was excluded by the trial judge. We think that the ruling in this regard was correct. No fraud is charged in the confection and execution of the attacked instrument. It was a notarial act of sale and regular in every respect. The use of parol evidence to contradict such an act and substitute in its place a contract of an entirely different nature is prohibited. Civil Code, article 2276; Loranger v. Citizens' National Bank, 162 La. 1054, 111 So. 418; Whittington et al. v. Heirs of Pegues, 165 La. 151, 115 So. 441.

Our attention is called to the fact that both parcels of real estate were described in the inventory filed in the proceedings involving Mrs. Carnahan's succession and that it was not therein stated or shown that such property belonged to the community which existed between her and the husband; and further, that one of the persons signing the inventory was W. C. Carnahan, a defendant herein. We think that these circumstances had no effect on the status of the property. The inventorying of it as separate property, if it be assumed that such was done, did not serve to change or transform its real nature and character. Fletcher v. Hodges, 145 La. 927, 83 So. 194. Nor did the signing of the inventory by W. C. Carnahan operate as an estoppel against him and his co-defendants. His appearance was solely as an appraiser and for the purpose of fixing the values of the properties therein listed.

The above mentioned individual claim of Foster M. Drewett to an undivided one-eighteenth interest in the Drewett property is predicated on the assertion that he inherited that interest from his deceased mother and was never legally divested of it. The record discloses that his father, W. J. Drewett, represented him as tutor in the deed which conveyed the property to Mrs. Carnahan, this being of date January 31, 1916. At that time he was approximately 18 years of age. His majority was reached in the year 1919. This suit was not filed until 1934, or 15 years after he became 21 years of age. If it be conceded that irregularities attended the execution of the conveyance instrument, we think, as did the district judge, that the prescription provided for under Civil Code, articles 3478 and 3479, has accrued. The conditions enumerated and required under the

latter codal provision appear to have been fulfilled.

It is conceded that the $609.81 fund on deposit in the Bank of Colfax in the name of Mrs. Carnahan, was acquired during her marriage with Robert L. Carnahan. Accordingly, and as above shown, these funds were presumed to be community property of the spouses, and the burden of overcoming that presumption is with those insisting on their paraphernal character. Plaintiffs contend that they were earned by Mrs. Carnahan through her operation of the Huey Hotel in Colfax, Louisiana, while separated and living apart from her husband, and that under Civil Code, article 2334, as amended, they belonged to her separate estate. The cited article provides in part:

"The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property."

The quoted codal provision was interpreted by the Supreme Court in the cases of Chas. Lob's Sons, Ltd., v. Karnofsky et al., 177 La. 229, 148 So. 34, Houghton v. Hall et al., supra, and Succession of Howell, 177 La. 276, 148 So. 48. It was held by a divided court in each of those cases that the wife's earnings, arising during the marriage, when she and her husband were living together, were community property and not separate property; and that such earnings during marriage belonged to her separate estate only when she was living separate and apart from her husband.

The preponderance of the evidence in the record of the instant case is to the effect, and obviously the trial court so found, that Mr. and Mrs. Carnahan were not living separate and apart when the funds were earned. According to our findings, the husband obtained from Huey R. Williams a written lease on the two-story brick hotel building in the town of Colfax, known as the Huey Hotel, for a period of two years beginning January 1, 1926. The efforts of both the husband and wife were devoted to the operation of that establishment until March of 1927, when he undertook the running of the Brinker Hotel, in the same town, under a lease which he obtained thereon from J. A. Williams. From the last named date until the time of the wife's death, or on August 1, 1927, Mrs. Carnahan resided at and actively managed the Huey Hotel, while the husband stayed at night at and operated the Brinker Hotel. During that period each frequently visited the place operated by the other, they called on their friends together, and their relationship with one another was friendly, cordial and pleasant. Accordingly, we say that the evidence is not convincing that the parties were separated in the sense that there was a disruption of their marital relationship, and we hold that the money on deposit belonged to the community.

If it should be found or assumed that plaintiffs are the owners of all or a part of the real estate herein contended for, we are of the opinion that their claim for rents and revenues cannot be allowed. They seek recovery, according to their pleadings, only for the period prior to the institution of the suit. As the defendants were possessors in good faith, and this is not questioned, they had the right to gather for their benefit the fruits of the property, without being bound to account for them except from the date of judicial demand. Civil Code, article 3453; Hutchinson v. Jamison, 38 La.Ann. 150; Oriol v. Moss, 38 La.Ann. 770.

Defendants, who are appellees herein, complain of that part of the trial court's decree which recognized all plaintiffs as the owners in indivision of a one-eighteenth interest in and to the Drewett property. This recognition, we understand, was predicated on the theory that Mrs. Carnahan was already the owner of an undivided one-eighteenth interest in the property, by reason of inheritance from her deceased mother, when the deed was executed in her favor by W. J. Drewett and others. In view of the fact that defendants have neither appealed nor filed answer to plaintiffs' appeal, we are not permitted to review the ruling to which error is assigned.

In our opinion the judgment appealed from is correct, and it is affirmed.

Plaintiffs shall pay the costs of this appeal.