### BROCK, Bank Com'r, v. SHARKEY et al.
### No. 2018.

Court of Appeal of Louisiana.  First Circuit.
Oct. 4, 1939.

Rehearing Denied Nov. 9, 1939.

Ellis & Bostick, of Amite, for appellants.

Ponder & Ponder, of Amite, for appellee.

## LE BLANC, Judge.

This is a suit on a promissory note, instituted by the State Bank Commissioner acting through his special agent, J. W. Fannaly, in the matter of the liquidation of the Tangipahoa Bank & Trust Company. The suit is against Joe Sharkey, Jr., and R. B. Newell who both signed and executed the note which is annexed to the plaintiff's petition. The note is for the sum of $200, dated November 14, 1932, and made payable to the order of Amite Bank & Trust Company, May 15, 1933, with interest at eight per cent from maturity.

Suit was filed June 1, 1939, more than five years after the maturity date of the note but the petition alleges a payment or credit of $18.37 under date February 25, 1935. Except for the payment or credit as alleged the note is therefore prescribed on its face.

The defendants, denying particularly the alleged payment or credit, plead the prescription of five years. In a supplemental answer, the defendant Newell also pleads, in the alternative, off-set and compensation by virtue of a judgment rendered against the bank in the sum of $200 in favor of the succession of S. N. Sanders, on homologation of a final account. His connection with that succession is however, not alleged.

The district judge overruled both the plea of prescription and the alternative plea of compensation on behalf of Newell and rendered judgment against both defendants, in solido, as prayed for. They both have appealed.

The payment of $18.37 was endorsed on the back of the note by the liquidator of the Tangipahoa Bank & Trust Company on February 25, 1935. It represents the proceeds of a liquidating dividend of thirteen and one half per cent paid to the depositors and was applied under authority of a stipulation contained in the note which reads as follows: "At maturity of this note or when otherwise due as above provided, any money on deposit or otherwise to the credit of the maker on the books of said Amite Bank & Trust Company shall at once stand applied to the payment of this note, unless it be otherwise paid." It should be stated at this point that the Amite Bank & Trust Company was a branch bank of the Tangipahoa Bank & Trust Company and that the assets of both banks were being liquidated as one.

According to the testimony of Mr. Fannaly, the special agent representing the State Bank Commissioner in the liquidation proceedings, the proceeds of the dividend applied by him represented an amount due on the account of the defendant R. B. Newell and check for the amount was issued and made payable to Mr. Newell and/or Tangipahoa Bank & Trust Company. Without Mr. Newell knowing anything about it and without his knowledge the check was endorsed "Tangipahoa Bank & Trust Company, in Liquidation", and the proceeds applied as stated.

The defendants contend that the stipulation in the note under which the liquidator claims to have acted was not the express or special mandate required by Art. 2997 of the Civil Code to acknowledge a debt and that in the absence of any acknowledgment on their part, prescription had run as more than five years had elapsed since the maturity of the note. C.C. Arts. 3520 and 3540. They cite Guaranty Bank & Trust Co. v. Heiderich, 163 La. 957, 958, 113 So. 161, and Gaillardanne v. Locascio, La. App., on rehearing, 166 So. 505.

The way in which we interpret those two decisions on the question, there must have been a special mandate or authority given after the maturity date of the note in order to interrupt the prescription which had begun to run from that date. The maturity date fixes the period at which the note begins to become extinguished by prescription and a special acknowledgment is required on the part of the maker in order to revive it. If he gives such an acknowledgment or authority to pay, then new life is infused in the note which lasts five years more from the date on which it is given. But authority given before maturity cannot have that effect because it is not a special acknowledgment of the debt which is necessary in order to inter-

rupt prescription. R.C.C. Arts. 2997 and 3520. In addition to these considerations, it is proper to recall that in Continental Bank & Trust Co. v. Simmons, La.App., 177 So. 384, this court had to construe the effect of an endorsement placed on the back of a note by the holder who also claimed to have acted under certain clauses and stipulations written on the face of the note. The matter, as here, was considered in connection with a plea of prescription and we there held that to permit the exercise of such authority without the knowledge and consent of the makers, but purely as the interest of the holder dictated, would be to prevent the running of prescription at any time. It would in effect amount to a circumvention of Article 3460 of the Revised Civil Code which prohibits a person from renouncing ·a prescription not yet acquired.

It is our opinion that the plea of prescription filed on behalf of the defendants was well urged and should be maintained, in which case it becomes unnecessary to pass on the alternative plea of compensation filed on behalf of the defendant Newell. The conclusion we have reached naturally leads to a reversal of the·judgment below which overruled the plea of prescription and awarded the plaintiff's demand.

For the reasons stated it is now ordered that the judgment appealed from be and the same is hereby reversed, annulled and set aside and it is further ordered that there be judgment in favor of the defendants sustaining the plea of prescription of five years against the note sued on and that plaintiff's suit be dismissed. Plaintiff-appellee to pay all costs.