56 So.2d 563

Succession of SCHNITTER.

No. 40147.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

O'Niell & O'Niell and Gibson Tucker, Jr., all of New Orleans, for interveners and appellants.

Nicholas Masters and Willis C. McDonald, New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

Mrs. Christine Anna Schnitter, a resident of the Parish of Jefferson, died intestate on May 30, 1945, leaving neither ascendants nor descendants. In due course her surviving husband, Arthur T. Plymen, obtained an ex parte judgment which recognized him, as surviving spouse in community, to be entitled to the ownership in his own right of one-half of the community property and also recognized him, as the sole and only heir of deceased, to be entitled as such to the ownership of decedent's one-half interest in the community

property. This judgment recognized all of the property left by the deceased to be community property.

The collateral heirs of Mrs. Plymen instituted these proceedings seeking to have that judgment set aside, alleging that all of the property left by deceased was her separate and paraphernal property, and that they, as collateral heirs, were entitled to inherit that property.

After trial on the merits, the lower court rendered judgment decreeing certain portions of the property left by the deceased to belong to the community estate and other portions of the property to belong to her separate estate. The judgment also recognized the community estate to be indebted to the separate estate in the sum of $4,240, which represented separate funds of deceased used during the existence of the marriage as part of the purchase price of property situated on Cypress Street and property situated on Prytania Street. From this judgment the collateral heirs appealed to this court. After the appeal was lodged in this court, appellee Arthur T. Plymen died, and by a proper motion filed here the executor of his estate was made a party to these proceedings.

Appellants contend that the lower court erred in decreeing the following real estate and personal property to be community property:

*Real Estate*

1. Property bearing Municipal No. 3628 Cypress Street, located in Jefferson Parish, hereinafter designated as the Cypress Street Property.

2. Property bearing Municipal No. 1306 Prytania Street, Orleans Parish, hereinafter designated as the Prytania Street Property.

*Personal Property*

1. One antique gold watch and chain.
2. Optional Payment Shares Account, No. 3714, First Homestead and Savings Association, showing a balance of about $140 as of the date of deceased's death.

### Cypress Street Property

This piece of property, having an appraised value of $3000 as disclosed by the succession proceedings, was purchased by Mrs. Christine Plymen in her own name during the existence of her marriage to Arthur Plymen, by deed dated June 27, 1941, which recited a cash consideration of $2225. This act of sale did not recite that the purchase price was paid with her separate funds, and the presumption under Article 2402 of our Civil Code is that it belonged to the community. This presumption, however, may be overcome by satisfactory proof by the wife or her heirs that the purchase price was paid with her separate and paraphernal funds, and that these funds were administered by her separate and apart from her husband and were an investment by her. Stauffer, Macready & Co. v. Morgan, 39 La.Ann. 632, 2 So. 98; Succession of Rogge, 50 La.Ann. 1220, 23 So. 933; Succession of McMahon,

176 La. 63, 145 So. 269; Houghton v. Hall et al., 177 La. 237, 148 So. 37.

The record establishes beyond any question that the full amount of the consideration named in this deed was paid by Mrs. Plymen from the proceeds realized by her in the sale of property on Bordeaux Street purchased by her as an investment with her separate funds, of which she had the administration separate and apart from her husband.

Appellee Plymen contended that he gave his wife the sum of $485 toward the purchase of this property, but the record does not support him in this contention. In fact, he admitted on cross-examination that he did not know what his wife did with this sum of money. The appellants have proven to our satisfaction that the full purchase price of $2225 was paid with the separate funds of Mrs. Plymen.

We therefore conclude that this property was the separate property of Mrs. Plymen, and that the district court erred in decreeing that it belonged to the community.

### Prytania Street Property

██ This property was acquired by Mrs. Christine Plymen on November 26, 1940, during the existence of her marriage to Arthur Plymen. The deed recited the consideration to be $2800 paid in cash, and the purchase in the name of Mrs. Plymen did not recite that the consideration was paid with her separate funds. Appellants contend that the entire purchase price of $2800 was paid with the separate funds of the wife. The record establishes, and the fact is not at issue, that $2500 of the purchase price of $2800 was paid with the separate and paraphernal funds of the wife, Mrs. Plymen, and the record further establishes that these funds were under her separate administration and were an investment by her. The proof is not sufficient, however, to show that the balance of the purchase price, that is, $300, was paid with the separate funds of Mrs. Plymen, so that under the presumption this portion of the purchase price was made with community funds. Appellee contends, and the appellants do not deny, that, if the appellants have not established by satisfactory proof that the entire purchase price was paid with the separate and paraphernal funds of Mrs. Plymen, the property is community property. Reine v. Reine et al., 170 La. 839, 129 So. 364. See also Houghton v. Hall et al., supra; Betz v. Riviere, 211 La. 43, 29 So.2d 465.

The judgment of the lower court holding this property to be community is therefore correct. Since we have concluded that this property belongs to the community, the separate estate is entitled to judgment against the community in the sum of $2500, the amount of the purchase price paid with the separate funds of the deceased.

### Antique Gold Watch and Chain

██ The proof is insufficient to establish that the purchase price of the watch,

said to be $50, was paid with the separate and paraphernal funds of Mrs. Plymen, or that she received this watch in the partition between her and her sister of the jewelry belonging to her mother's estate. In the absence of such proof, the presumption has not been overcome, and the lower court correctly held the watch to be community property.

### First Homestead and Savings Association Account

 The proof is insufficient to show whether the balance remaining in this account was the wife's separate funds or whether it was the balance of unexplained deposits. Upon the showing made, the judgment of the lower court decreeing the property to be community is correct.

There remains for our discussion only appellee's alternative demand, in which he sought the marital portion in the event this court should hold that the property left by the deceased belonged to her separate estate. Appellee did. not appeal or answer the appeal, but, conceding that this issue is properly before this court, we do not think that at the time of Mr. Plymen's death he was in necessitous circumstances within the meaning of that term as used in Article 2382 of the Civil Code. Using appellee's appraised value of all the property left by the deceased as shown by an affidavit filed by him in the succession proceedings, and including the cash he admitted having when she died, we find the community

property, of which appellee is the owner, to be worth approximately $3000, and he according to his own testimony was earning a salary of approximately $300 per month at the time of his wife's death. The separate estate is worth approximately $6200.

For the reasons assigned, the judgment of the lower court, insofar as it recognized the hereinafter described property to belong to the community of acquets and gains which formerly existed between Arthur T. Plymen and Mrs. Christine Anna Schnitter Plymen, is reversed, and that property is decreed to belong to her separate estate, to-wit:

"A Certain Portion of Ground, together with all the buildings and improvements thereon and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson in Square or Division B, bounded by Cypress, Division, Beauvais Streets and Arnault Road. Said lot or portion of ground measures thirty-five feet (35') front on Cypress Street, same width in the rear, by One Hundred Twenty Feet (120') deep between equal and parallel lines. Said lot or portion. of ground is composed of the whole of lot 14B and ten feet (10') of lot 13B on its side next to and adjacent lot 14B. Said lots appear on corrected plan of Zander, Surveyor, annexed to an act passed before Charles Schneidau, late Notary Public,

November 12, 1920. Municipal No. 3628 Cypress Street.

"According to survey of Gilbert & Kelly, Surveyors, dated May 29th, 1941, blue print of which is annexed, to deceased['s] act of acquisition, said property hereinabove described is situated in Division B of Metairie Terrace, Parish of Jefferson, and has the same boundaries and measurements as hereinabove set forth, commencing at a distance of three hundred fifteen feet (315') from the corner of Arnault Road and Cypress Street.

"Being the same property acquired in the name of Mrs. Christine Schnitter, wife of Arthur Plymen, duly aided and authorized by him, by purchase from Paul N. Donaldson, by act passed before Frank Macheca, Notary Public, on June 27th, 1941, and registered in Conveyance Office for the Parish of Jefferson, in C.O.B. 173, folio 204."

It is further ordered that the judgment appealed from be amended so as to reduce the amount of indebtedness due by the community estate to the separate estate from $4240 to $2500.

In all other respects, the judgment appealed from is affirmed; all costs to be paid one-half by appellants and one-half by appellee