The cause of action of the plaintiffs in the above two suits arose out of an accident which occurred on September 21, 1946, on a graveled state highway between Ossum and Scott, in Lafayette Parish. The plaintiff, Placide Comeaux, was driving a car owned by the other plaintiff, Murphy Trahan, which car had been loaned to him by Trahan. Comeaux was driving in a southerly direction on said graveled highway when a truck driven by the defendant, Lantier, coming from a side road from a westerly direction collided with the car driven by Comeaux.
Comeaux received personal injuries in the collision and sued for damages in the sum of $1,000, made up of $750 for physical pain and suffering, $200 for loss of wages and $50 for medical expenses. The other plaintiff, Trahan, sued for damages to his automobile in the sum of $477.76. The *Page 137 
trial judge awarded a judgment in favor of plaintiff Comeaux in the sum of $643, and in favor of the other plaintiff, Trahan, in the sum of $377.76. The defendant has appealed from both judgments.
The two cases were consolidated for the purpose of trial but separate judgments were entered in each case.
Practically the same charges of negligence are made against defendant in both cases. The following quotation from the petition of Comeaux will serve to show the negligence charged to the defendant:
"That on said date at approximately the hour of 5 P.M. the petitioner was proceeding in a southerly direction on Route 161 between Ossun and Scott, Louisiana, in the Parish of Lafayette, Louisiana, and he was traveling on his extreme right hand side, on the westerly side of said road at a reasonable rate of speed. That as your petitioner approached a side road which ends at said Route 161 referred to above, he noticed the automobile being driven by Leon Lantier coming out of the said side road and traveling in an easterly direction. That your petitioner immediately veered to the left in an easterly direction and did everything in his power to avoid colliding with the said automobile driven by Leon Lantier but that notwithstanding his diligence the automobile so driven by Leon Lantier ran into the right rear wheel of the car being driven by petitioner.
"That the said Leon Lantier was on said occasion driving his automobile without being on the proper lookout, in a reckless and negligent manner. That particularly he was negligent in that he did not look for approaching traffic or did not see what he should have seen had he been careful, and that he did not observe the right-of-way that petitioner enjoyed."
[1] An exception of vagueness was filed by the defendant in both cases which resulted in a stipulation being made in each case to meet certain requirements raised by the exception. The defendant also filed an exception of no cause or right of action in both cases, but no specific action was taken on these exceptions. However, as the trial judge rendered a judgment in favor of plaintiffs, this action had the effect of overruling these exceptions.
[2] A reconventional demand for a small amount was filed by the defendant on account of damage to his truck, but no reference was made to this demand in the judgment. It must therefore be assumed that this demand was rejected, and the demand is now abandoned.
[3, 4] The exception of no cause of action is re-urged in this court and is based on the allegation in the petitions wherein it is alleged that Comeaux noticed the automobile being driven by the defendant coming out of the side road, and it is claimed that Comeaux is shown to have been guilty of contributory negligence because the petition alleges that the defendant had gotten out of the side road and had therefore preempted the intersection; that Comeaux should have taken the necessary precautions to avoid or go around defendant's truck. We do not think the allegations in the petition could be construed to mean that the defendant had come out of the side road and had entered the main highway on which Comeaux was traveling when he first saw defendant's truck. The evident meaning of the allegation referred to is that Comeaux saw defendant's car "approaching" as he himself approached and entered the intersection. In any event, the petition does not show affirmatively that Comeaux was guilty of negligence. Whether or not he was guilty of contributory negligence depends on the facts as they were developed in the case. In any event if Comeaux was guilty of any contributory negligence, such negligence could not be attributed to the other plaintiff, Trahan, as it is not claimed that Comeaux was in the employ of Trahan or on a mission for him at the time of the accident.
The contention of the defendant is that he had entered the main highway from this side road and had turned to his right when his truck was struck by the car driven by Comeaux on its left front fender and bumper. The defendant claims that Comeaux, in attempting to pass his truck, pulled his car to the right, and the right rear *Page 138 
part of the Comeaux car struck the front fender of defendant's truck, and caught the left part of the bumper and pulled it toward the front. The defendant charges Comeaux with driving at an excessive speed, failing to keep a proper lookout and being in an intoxicated condition.
Without going into a detailed discussion of the evidence we think that a decided preponderance of the evidence shows that Comeaux was not intoxicated, or under the influence of liquor. He was driving on a graveled state highway at about 35 miles per hour as he approached the side road. The side road does not cross the state highway but only enters it from a westerly direction. It cannot be said that a speed of 35 miles per hour was excessive.
The accident happened either at the south end of the intersection or slightly beyond it. This indicates clearly that the defendant did not enter the intersection first. The car driven by Comeaux was struck on its right rear wheel and fender by the left front fender and bumper of defendant's truck. This also indicates that Comeaux was across the intersection when his car was struck by the truck on its fear side. It is true that Comeaux's car went some 60 feet or more after the collision and stopped in a ditch on the right hand side of the highway. He says that he was in the act of putting on his brakes when his car was struck on its rear side. It is reasonable to suppose that the lick on the rear right side of the car driven by Comeaux would throw the rear of the car to the left, causing the car to pull to the right.
[5] Comeaux was driving on a main highway and the defendant was approaching on a side road. Comeaux had the right of way, and he had a right to assume that the truck approaching from the side road would stop before entering the main highway. The defendant admits that he did not see Comeaux coming on the main highway, although the evidence shows that he could have seen him coming for a distance of a hundred feet. Comeaux was within defendant's view as defendant approached the highway, and it was his duty to stop or slow down in order to permit Comeaux to pass.
[6] In our opinion, the proximate cause of the accident was the negligence of the defendant in driving his truck out of the side road into the highway in front of the oncoming car driven by Comeaux, without looking and taking the necessary precautions to accord Comeaux the right of way. If there was any negligence on the part of Comeaux in failing to see the defendant before he reached the intersection, such negligence was not a proximate cause of the accident for the reason that had Comeaux seen the truck approaching on the side road as he approached it, he no doubt would have assumed, and would have had a right to assume, that the driver of the truck would not come out into the highway in front of him without looking and without making any effort to get out of the way.
[7] We find no manifest error in the findings of the trial judge either on the question of liability or on the amount of damages awarded each plaintiff. In awarding the plaintiff Comeaux damages in the total sum of $643, the trial court stated:
"This plaintiff, Placide Comeaux, was injured and he suffered some physical pains. He was cut two inches on the scalp from which blood flowed fairly freely; he sustained bruises, mutliple cuts from hand to elbow, injured shoulder, swollen hand, requiring him to keep his arm in a sling for two weeks, and which produced inability to work for thirty days. The sum of Four Hundred and Fifty (450.00) Dollars seems a reasonable reward.
"Another item of damage which is referred to as loss of wages, is the amount of One Hundred, Sixty (160.00) Dollars, because he suffered the loss of wages Which he had to pay the help which he hired to take his place. This amount was expended in employing two negroes for fifteen days at $4.00 per day each; one negro for three days at $4.00 per day and one negro for seven days at $4.00 per day. The court approves this item.
"The other item of damages is the sum of Thirty-three (33.00) Dollars paid to Dr. Kahn which is likewise approved."
The trial judge awarded plaintiff Trahan the sum of $377.76, based on damage to *Page 139 
his car in the sum of $322.76, plus the loss of its use in the sum of $50. This makes a total of $372.76 instead of $377.76. This is evidently an error and the judgment will be amended accordingly. Separate decrees will be entered in each case.
 1