LOTTINGER, Judge.
The trial judge rendered written reasons for judgment which we herewith set out in full:
“Plaintiff brings this suit for damages occasioned to his automobile in a collision with a truck driven by defendant Eno Duhon, which occurred on August 27, 1953, at the intersection of Louisiana Highway No. 476 and a ward road entering same on the north side. Plaintiff was driving on the highway, referred to as the ‘Leroy Road,’ in a westerly direction, and defendant was traveling south, on the ward road, entering the highway from the north side. This is a ‘T’ intersection, and the view of both drivers was obstructed by a large and heavy growth of tall weeds along the Ward road and also along the Leroy road for some distance before the intersection.
“Defendant pleads no fault on his part, and, alternatively, the contributory negligence of plaintiff as a bar to recovery if he should be found negligent.
“The Court has thoroughly reviewed the record in this case, and finds that plaintiff Broussard was proceeding homeward on the Leroy road at a speed of from forty-five to fifty miles per hour. Mr. Duhon, returning in his truck from a field where they had been working, approached the Leroy road, and being unable to see if any traffic was approaching on the main highway when he stopped his truck, proceeded into the intersection, turning to his right, slowly, when he perceived the Broussard car bearing down upon him. What he did then is not clear from the evidence. One of his passengers states that he shifted gears in an attempt to back up; Mr. Duhon states he brought his truck to a stop with the front end two or three feet into the highway. Broussard says that the truck was about six feet into the highway, and that it struck his car as he attempted to pass.
*95 “Mr. Duhon could not state how far away the Broussard car was when he first saw it, his estimate varying from two hundred to four hundred feet, nor can he accurately estimate the speed at which it was traveling.
“The court is impressed by the sincerity and apparent truthfulness of Mr. Duhon and his witnesses, and also of Mr. Broussard, who is his only eye witness, and the other witnesses who arrived there shortly after the accident.
“From the physical facts, however, it is my conclusion that the Duhon vehicle did enter blindly into the heavily traveled highway, and that the impact occurred approximately six feet in the Leroy road. It is of no importance, in my opinion, whether the truck was completely stopped at the time of impact, or was moving slightly forward. Broussard was suddenly confronted with the appearance of this obstacle in his path. He applied his brakes, and skidded in the loose gravel, then attempted to pass to the left. There is no evidence in the record that he was traveling at an excessive speed, the highest speed even suggested by counsel for defendants in his cross-examination being SO or 55 miles per hour, which in itself would be a reasonable speed on this particular highway. Under these circumstances, the Court feels that Mr. Broussard acted in a prudent manner and was free of any contributory negligence such as would bar his recovery, and that the proximate cause of the accident was the negligence of Mr. Duhon in entering too far upon the Leroy highway from the inferior ward road without making sure, by use of ordinary and reasonable prudence and care, that it was safe for him to do so.
“The amount of plaintiff’s damages to his automobile are undisputed, being the sum of $524.58. A proper case has also been made out for loss of use of the automobile in question, plaintiff stating that he was fortunate enough to obtain a ride to his work in Lafayette with a friend for fifty cents a day for the three weeks he was deprived of his car. At six days per week, these damages amount to $9 in toto, being the actual damage suffered by him.
“Judgment is therefore rendered in favor of plaintiff Ervy Broussard, and against the defendant Eno Duhon and his insurer, Southern Farm Bureau Casualty Insurance Company, of Jackson, Mississippi, in the full sum of $533.58, and for all costs. See Decree to be prepared and presented for signature by attorneys for plaintiff.”
From the above judgment the defendants have appealed, maintaining, principally, that Duhon’s vehicle was never more than two or three feet into the so-called Leroy road, being on the shoulder thereof and not on the traveled portion. As will be seen from the trial judge’s reasons for judgment set out above, he concluded that the impact occurred approximately six feet in the Leroy road. A careful review of the record fails to disclose any manifest error in his findings. Trooper Miller testified that it appeared to him that the impact had occurred at least two and one-half feet in the traffic lane on the Leroy road and further testified that this road has no shoulders but merely a ditch on either side of the traveled portion. The plaintiff himself testified on both direct and cross examination at least four times that he was traveling approximately six feet from the ditch line on the north side of the road and that the collision occurred six feet from the intersection of the Ward road and the Leroy road. Plaintiff further testified that the Duhon truck was just coming into the Leroy road when he first saw it and he was about 50 feet away. He states that he immediately applied his brakes but could not avoid the accident. The damage to plaintiff’s automobile was confined to the right door and right rear fender. No part of the front of plaintiff’s automobile was damaged, whereas, the left front bumper of defendant’s truck was damaged. After the collision the automo *96 bile and truck came to rest on. the northern side .of the highway a short distance west of the intersection.
The issue presented is primarily one of fact and we are unable to find anything in the record which would warrant a reversal of the findings by the lower court.
The statutory law of this state appears to be very clear as is provided by LSA-R.S. 32:237, subd. E as follows:
“The driver of a vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public highway and to pedestrians properly walking thereon.”
We concur with the lower court that the proximate cause of this collision and resulting damages is due to the negligence of the defendant in blindly entering into the heavy traveled highway without ascertaining to see if it was safe to do so particularly in the face of oncoming traffic. Plaintiff was driving on a main highway and the defendant was approaching same from an inferior side road. The plaintiff had the right of way and he had the right to assume that the truck of defendant approaching from the side road would stop before entering the main highway. We think this case is similar to the case of Trahan v. Lantier, La.App., 33 So.2d 136. We are further of the opinion that the plaintiff was confronted with a sudden emergency.
We note that counsel for plaintiff in their brief contend that the latter is entitled to an additional $10 per week for three weeks for loss of use of his vehicle. The plaintiff has not answered the appeal and, consequently, the judgment appealed from cannot be amended in his favor.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.-