FRUGÉ, Judge.
This is a suit for separation from bed and board instituted by Mrs. Clara Robichaux Dibartolo, appellant herein. Mr. Dibartolo filed a general denial and a reconventional demand for separation. The trial court rendered judgment in favor of the recon-ventional demand, dismissing Mrs. Dibar-tolo’s suit, denying her attorney’s fees and casting her with cost.
Mr. and Mrs. Dibartolo were married on February 3, 1946, and established their marital domicile in Plaquemines Parish. On or about January 15/1968, Mrs. Dibar-tolo left the marital domicile, moved to Lafayette Parish, established a separate domicile, and filed a suit. As grounds for separation, Mrs. Dibartolo alleged habitual intemperance, violent temper, battery, abusive and profane language, accusations of infidelity, slander, suspicious and miserly conduct on the part of her husband. In re-convention Mr. Dibartolo alleged abandonment.
At the trial on the matter, Mrs. Dibar-tolo presented two witnesses, in addition to her own testimony, in an attempt to prove the allegations of her petition. After the presentation of her evidence, upon motion of Mr. Dibartolo’s attorney, the district court dismissed plaintiff’s suit for lack of proof, and granted defendant-plaintiff in reconvention a separation on the grounds of abandonment. The evidence of the abandonment the court found in the testimony of plaintiff and her witnesses. Since the court’s ruling made her leaving the marital domicile without cause, the abandonment had been proved.
In his specifications of error, plaintiff alleges that the lower court erred in considering only the allegation of habitual intemperance, in ruling that no proof of habitual intemperance was offered, in giving no consideration to the habits of the complaining party and her conduct towards her husband, and lastly, regardless of the decision, in denying Mrs. Dibartolo attorney’s fees, and casting her with cost.
Although most of the evidence in the record is in regard to Mr. Dibartolo’s drinking habits, there was evidence presented in an attempt to establish the other grounds in plaintiff’s petition. After hearing all of the evidence, including that in regard to the other grounds, the court concluded that Mrs. Dibartolo lacked sufficient proof to warrant a judgment in her favor. Contrary to plaintiff’s allegation, the reasons for judgment of the trial court reflect in no uncertain language that he did consider the grounds in addition to habitual intemperance. We quote from those reasons as follows:
“[A]nd of course the other incidences would at best amount to a situation of incompatibility or frustration which, of course, as you all know, gentlemen, is not a ground for separation and divorce in the State of Louisiana.”
So, although the court commented on the additional grounds in summary fashion, he nevertheless did consider them.
In our reading of the record, we as well are not impressed with the evidence offered by plaintiff to prove her cause. Leaving the issue as to habitual intemperance aside for the moment, the totality of the evidence in regard to the other grounds, *530 all of which could be characterized under the term “cruel treatment”, does not establish other than feuding between the parties, each probably as much to blame as the other. Such allegations of plaintiff that the cruel treatment was evidenced by Mr. Dibartolo’s refusal to allow his wife to smoke in the home, his refusal to visit at length with her relatives, or his insinuations of her being unfaithful, for example, do not constitute grounds for separation or divorce. These were as well matched on Mrs. Dibartolo’s part, by her refusing to accompany her husband on social visits or to freely allow him to drink beer in the home. As to the other allegations of cruel treatment we agree fully with the statement by the lower court previously cited. They at best “amount to a situation of incompatibility or frustration * * * ”, none of which constitute sufficient grounds to warrant judgment in plaintiff’s favor.
Plaintiff takes issue with the trial court’s granting judgment dismissing plaintiff’s cause when the only evidence offered was that of plaintiff and her own witnesses. Her theory is that since there was uncontro-verted evidence, allegedly in plaintiff’s favor, the court had to accept this testimony as true. Plaintiff makes the statement in brief that Mr. Dibartolo presented absolutely no evidence to establish, or indeed to attempt to establish, that Mrs. Dibartolo was ever anything other than a good wife .and mother.
After a reading of the record, we are •'forced to disagree with plaintiff that what she presented was, in fact, uncontroverted evidence. The record is replete with evidence of action on her part causing difficulty between the parties. As to no evidence being presented by Mr. Dibartolo, his main ground for his reconventional demand was abandonment, and for that reason, he did not need to present any evidence of the sort that plaintiff alleges he failed to present.
In summary, we feel, as did the trial court, that there was simply a lack of sufficient evidence upon which to grant plaintiff the relief she sought, at least not in regard to those allegations of the petition other than habitual intemperance.
As to plaintif’s second allegation of error, that being that the trial court erred when it found that there was not sufficient evidence to grant plaintiff a separation due to the defendant’s habitual intemperance, we again must stand in a position of af-firmance of the trial court’s conclusions.
Granted that the testimony offered reveals the fact that plaintiff’s husband did like to drink, but on the other hand, the evidence presented by plaintiff failed to show that defendant’s drinking habits constituted habitual intemperance. This we feel was most emphatically brought out in plaintiff’s own words, wherein under cross-examination she was asked:
“Q. (By Mr. Babineaux) Now, insofar as you’ve seen Mr. Dibartolo drink, in your petition you state that he’s really a drunk. Now, did you ever see him drink at your house ?
“A. I did not say he was a drunk. His drinking. I have never said he was a drunk.
“Q. In other words, you just object to his drinking a beer. Is that correct ?
“A. Not drinking a beer.
“Q. Two ? Two beers ?
“A. More than two. He never drank one beer, and he never drank five beers. He drank until he was intoxicated.
“Q. But did you see him drink?
“A. No, I didn’t see him drink all the time.
“Q. Well, how do you know he drank five beers ? How do you know he drank five beers?
“A. Oh, he’d come in and say he’d had a couple, and I always said he looked like he’d had a case.” (Emphasis added.)
*531 All evidence considered, we must agree with the trial court that there was insufficient proof to prove habitual intemperance to the extent of allowing Mrs. Dibartolo to secure judgment. The judgment of a trial court should not be disturbed in the absence of manifest error, and we can see no such error in the trial court’s ruling.
As to plaintiff’s third allegation of error, we feel that it has been covered in the discussion preceding.
Lastly, plaintiff contends that the trial court erred in denying her attorney’s fees and in casting her with costs.
It appears to be well settled as a general rule that attorney’s fees and costs incurred by the wife in prosecuting a suit for separation of bed and board or divorce are an obligation of the community, whether she is successful in the proceedings or not, the obligations being community debts, Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953), rehearing denied.
Although there is an allegation in the original petition that the plaintiff agreed upon a fee with her attorney in the amount of $750.00, no evidence of this agreement was entered in the record. For that reason, we shall remand this case to the trial court for a determination of the attorney’s fees to be awarded plaintiff.
For the foregoing reasons the judgment of the trial court, insofar as it granted judgment in favor of defendant-appellee, is affirmed; the judgment is amended, insofar as it cast the plaintiff-appellant with cost, and judgment is hereby rendered against the community for all costs of these proceedings. The case is remanded to the District Court for the determination of the attorney’s fees to be awarded plaintiff-appellant.
Amended, affirmed, and remanded.