SARTAIN, Judge.
The law partnership of Barranger, Bar-ranger & Jones instituted this action against Saxon Farmer and Henry Ellen Daniel, wife of Saxon Farmer, alleging that they are jointly and solidarily obligated to the plaintiff in the sum of $366.55, for legal services rendered to Mrs. Farmer in connection with a suit for separation filed by Mr. Farmer against Mrs. Farmer.
*561 Mr. and Mrs. Farmer were represented by counsel and filed an answer in the nature of a general denial.
Mr. Farmer, individually, filed a per emptory exception of prescription.
The main demand and the exception were heard on the merits on February 28, 1972, and judgment was rendered and signed in open court on the 3rd day of March, 1972.
The said judgment provides as follows:
“This matter came on for hearing this 28th day of February, 1972, pursuant to previous assignment, present for plaintiff was Garic Kenneth Barranger, for the defendant, John N. Gallaspy. And when after hearing the evidence and arguments of counsel, the Court being of the opinion the judgment should be granted for plaintiff and against the defendant for the reasons this day orally assigned:
“IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of Barranger, Barranger & Jones, plaintiff in the full and true sum of FIVE HUNDRED AND ELEVEN AND 56/100 DOLLARS ($511.56), together with all costs of these proceedings, including a fee for expert testimony to Mr. France Watts, III, in the full and true sum of -, together with legal interest from date of judicial demand upon the principal sum above stated until paid in full.” (emphasis ours)
Within the proper delays, Mr. Farmer appealed suspensively.
We are of the opinion that the judgment appealed from is defective for it does not name the defendants. We are unable to determine from the record whether it was the intention of the trial judge to cast both Mr. and Mrs. Farmer in judgment or Mr. Farmer alone.
While clerical errors or miscalculations in a final judgment may be corrected by us, we do not feel disposed to assume that judgment in the instant matter was rendered in solido against the defendants or against Mr. Farmer individually. It is for this reason that we deem it proper to remand this matter to the trial court for the purpose of having a proper judgment entered, which judgment will specify the defendant and/or defendants who were intended to be cast.
The cost of this appeal is to be borne by the appellant, Saxon Farmer. All other costs are to await a final determination by us on appeal.
Remanded.