289 So.2d 295 (1973)
BARRANGER, BARRANGER & JONES, Plaintiff-Appellee,
v.
Saxon FARMER, and Henry Ellen Daniel, Wife of Saxon Farmer, Defendants-Appellants.
No. 9422.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*296 John N. Gallaspy, Bogalusa, for appellants.
Garic K. Barranger, Covington, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
When this matter was originally before us it was necessary that we remand the same because of a defect in the judgment appealed. Barranger, Barranger & Jones v. Saxon Farmer, et al., La.App., 282 So.2d 560.
Pursuant to our remand a corrected judgment has been filed in the record, the pertinent part reads as follows:
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of plaintiff, BARRANGER, BARRANGER, & JONES and against the defendants, SAXON FARMER and HENRY ELLEN DANIEL, wife of SAXON FARMER in the full and true sum of FIVE HUNDRED AND ELEVEN AND 56/100 ($511.56) DOLLARS, together with all costs of these proceedings, including a fee for expert testimony to Mr. France Watts, III, in the full the true sum of Seventy-five and no/100, together with legal interest from date of judicial demand upon the principal sum above stated until paid in full."
The record reveals that Mr. and Mrs. Farmer separated in 1968. Mrs. Farmer engaged the services of Mr. Garic Kenneth Barranger as her attorney and a separation suit was filed. After various proceedings the Farmers reconciled in the late summer of 1968. Mr. Barranger learned of this reconciliation from Mr. Ben Miller, Mr. *297 Farmer's attorney in the separation proceedings, by letter dated September 5, 1968. Mr. Barranger testified that after he learned of the reconciliation he took no further aggressive action in the case, but he did return various documents which he had in his possession concerning the case to Mr. Farmer's attorney on or about September 23, 1968. A bill dated September 24, 1968 was sent by plaintiff to Mrs. Farmer which at that time showed the total amount due to be $466.56. In November of 1969 Mrs. Farmer made a payment to plaintiff on this bill in the amount of $100.00. Thereafter, no further payments were made and plaintiff filed suit on September 7, 1971 seeking recovery of $366.56, the remainder due on the account.
On February 28, 1972, the date trial was held in the District Court on this matter, defendant filed an exception of prescription. Trial was held and judgment was rendered granting plaintiff recovery in the amount of $511.56 on March 3, 1972. From this judgment defendant has perfected this suspensive appeal.
Defendant alleges error on the part of the trial court in failing to sustain the exception of prescription. Defendant contends that plaintiff's claim had prescribed by the passage of three years under Civil Code Article 3538 at the time suit was filed on September 7, 1971, and that the payment made by Mrs. Farmer in November of 1969 should not be deemed to have interrupted the prescriptive period. This contention is primarily based on the testimony of Mr. Saxon Farmer to the effect that he did not consent to his wife's partial payment of the bill and that he did not have knowledge of this payment.
Plaintiff contends that the suit was timely filed and that the payment by Mrs. Farmer should be deemed to have interrupted the running of the three year prescription.
It is well settled that the fee of the wife's attorney in a suit for separation from bed and board or divorce is a community debt for which the husband is responsible as head and master of the community. Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1955); Malone v. Malone, 243 So.2d 100 (1st La.App.1970), affirmed 260 La. 759, 257 So.2d 397 (1972). This is true even if the wife's suit for separation or divorce is unsuccessful. Price v. Price, 229 So.2d 116 (2nd La.App.1969); Robichaux v. Dibartolo, 224 So.2d 528 (3rd La.App.1969).
Defendant contends that since this is a debt of the community for which the husband is responsible, then the partial payment by the wife without the knowledge or consent of the husband should not be deemed to interrupt the accrual of prescription on the debt. In support of this contention defendant cites the case of Winter v. Gani, 199 So. 600 (1st La.App. 1941). In that case the wife allegedly acknowledged a debt incurred by her husband in the operation of his business. This court held that an acknowledgement of the husband's debt without his knowledge and consent by his wife would not interrupt the running of prescription on that debt. We find this case inapposite to the situation presented by the instant suit. In Winter, the community debt allegedly acknowledged by the wife was incurred by the husband. In the case at bar we are presented with a community debt incurred by the wife.
In Stevens v. Stevens, 206 So.2d 558 (1st La.App.1968) this court stated at page 559:
"The wife can bind the community estate for the payment of attorney's fees incidental for a suit for a separation or divorce." (citations omitted)
In Romeero v. Leger, 133 So.2d 897 (3rd La.App.1961), certiorari denied November 6, 1961, relied on by this court in Stevens, our brothers of the Third Circuit stated at page 898:
"The wife cannot, under ordinary circumstances, by contract bind the community *298 estate. Our courts have now held that there is one exception to this general rule, namely she can bind the community estate for the payment of attorney fees and all costs incidental to a suit for separation or divorce."
Thus, if the wife can legally bind the community for payment of such fees then the partial payment of this debt by her will interrupt the running of prescription thereon.
Even if we were to hold that the partial payment by Mrs. Farmer in November of 1969 was not sufficient to interrupt prescription, there is ample support in the record to indicate that this suit was brought within three years after legal services were performed by Mr. Barranger for Mrs. Farmer. Mr. Barranger testified that he learned of the reconciliation by letter on September 5, 1968. However, he further stated that he received another letter from Mr. Farmer's attorney on September 13, 1968 requesting the return of certain documents concerning the separation suit. Mr. Barranger testified that he returned the documents on or about September 23, 1968. This testimony was not rebutted at trial.
While for all practical purposes the separation proceedings ended with the reconciliation of the parties, we find that Mr. Barranger's actions in answering the correspondence from Mr. Farmer's attorney and in returning the documents requested were services rendered in connection with the separation proceedings. Suit for the attorney fees was filed September 7, 1971, less than three years after the rendition of these services by Mr. Barranger.
Therefore, we conclude that the trial court was correct in failing to sustain defendant's exception of prescription.
Defendant also contends that the judgment of the District Court does not indicate which defendant, Saxon Farmer or Mrs. Henry Ellen Daniel Farmer, is to be held liable for payment of this debt. In view of the above discussed jurisprudence to the effect that the attorney fees incurred by the wife in a suit for separation or divorce are community debts, we hold that the husband, Mr. Saxon Farmer, is liable for payment of this claim as head and master of the community of acquets and gains.
In conclusion we find that the trial court apparently miscalculated the amount which plaintiff is entitled to recover. Plaintiff's bill shows the total fee for the legal services rendered to be $511.56. Credits in the amount of $45.00 and $100.00 are shown on the bill, leaving the total amount due to be $366.56. Plaintiff's petition indicates that the total amount sued for was only $366.56. Mr. Barranger's testimony is to the same effect. However, the judgment signed by the judge a quo granted recovery in the full sum of $511.56. This was obviously either a miscalculation or clerical error on the part of the trial court which can be noticed and corrected by this court. La.C.C.P. Article 2164; Trahan v. Lantier, 33 So.2d 136 (1st La.App.1947); Alvis Hotel, Inc. v. Alvis Hotel of Monroe, Inc., 149 So.2d 199 (2nd La.App.1963), writ refused 244 La. 149, 150 So.2d 769 (1963); Trahan v. Bearb, 138 So.2d 420 (3rd La.App.1962).
Accordingly, for the above reasons, the judgment of the District Court is amended to provide recovery for plaintiff in the total amount of $366.56 with legal interest from date of judicial demand until paid, and as amended said judgment is affirmed at appellant's costs.
Amended and affirmed.