440 So.2d 939 (1983)
Bennie Mac FARRAR and F. Murray Biedenharn
v.
Junius R. KELLY, Jr.
No. 15,748-CA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
*940 Harvey R. Lexing, Monroe, for appellant.
Farrar, Jefferson & Wooley by Bennie Mac Farrar and F. Murray Biedenharm, pro se, Monroe, for appellees.
Before PRICE, HALL and SEXTON, JJ.
HALL, Judge.
This is a suit by attorneys for specific performance of a contingent fee contract with a former client. From the trial court judgment ordering specific performance the defendant has appealed.
On appeal the defendant contends that the contract is unenforceable because it was terminated by the client prior to completion of the services to be rendered by the attorneys and also because the fee is excessive for the services rendered. The defendant *941 also contends that the contract provides only for the payment of 50 percent of monies received by the defendant and not a 50 percent interest in property received by the defendant.
In June or July 1979, the defendant contacted the plaintiff attorneys relative to being recognized as an acknowledged illegitimate child of his father and to recovering his part of his father's succession. His father's three legitimate children had previously been sent into possession of the father's estate, which consisted primarily of a one-half interest in 160 acres of land from which there was apparently oil production.
This contract between the defendant and plaintiffs took place prior to the January 1980 decision by the court of appeal in Succession of Brown, 379 So.2d 1172 (La. App. 2d Cir.1980), which was affirmed by the supreme court in September 1980, 388 So.2d 1151 (La.1980). Defendant was advised that under the law as it existed at that time he had no rights in the succession of his father. However, the plaintiffs were willing to take the case on the assumption that they would be required to overturn the prevailing law and jurisprudence as well as to establish the defendant's filiation. A contingent fee contract was signed stipulating a contingent fee of 50 percent of all money and property defendant might receive from the succession.
On behalf of the defendant, the plaintiff attorneys filed suit which was answered by an attorney on behalf of the legitimate heirs of the father. Depositions were taken in preparation for trial. After Succession of Brown was decided there were unsuccessful efforts to settle the matter with the legitimate heirs and in November 1980, a half-day trial was held to establish the defendant's status as an acknowledged illegitimate child of his father and his entitlement to a pro rata share of his father's estate. At the conclusion of the trial judgment was rendered recognizing the defendant as an heir of his father and sending him into possession of an undivided one-fourth interest in and to his father's estate. Shortly after the judgment was rendered and before it was signed, a dispute arose as to the fee and the defendant advised plaintiffs that their services as attorneys were terminated. Plaintiffs subsequently had the judgment sending the defendant into possession of his father's estate signed, and then filed this suit to enforce the contingent fee contract. After trial, judgment was rendered recognizing plaintiffs as owners of an undivided one-half interest in and to all of the property which defendant inherited from his father.
Defendant-appellant argues that since plaintiffs were discharged prior to completion of the services to be rendered under the contingent fee contract, plaintiffs are not entitled to enforce the contingent fee contract and are limited to recovery under quantum meruit. See Brown v. Holland, 392 So.2d 726 (La.App. 3d Cir.1980) and Simon v. Metoyer, 383 So.2d 1321 (La.App. 3d Cir.1980).
A client has the absolute right to discharge his attorney and after being discharged the attorney cannot recover in full measure the contracted-for fee provided in a contingency contract without providing all or substantially all of the legal services contemplated by the contract. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979). In the instant case the plaintiff attorneys had performed substantially all of the services contemplated by the contract, that is, judicial recognition of the defendant's status as an heir of his father and rendition of a judgment sending him into possession of his share of his father's estate. The only thing that remained to be done at the time the attorneys were discharged was to have the formal judgment signed, and this was subsequently accomplished. Having done substantially all of the work contemplated by the contract, plaintiffs are entitled to the full fee provided by the contract.
The defendant contends that the fee is excessive for the services rendered by the plaintiffs, particularly since they were not required to do as much work as originally contemplated because of the Succession of Brown decision.
*942 Contingent fee contracts are authorized by statute, LSA-R.S. 37:218, and by the Louisiana Code of Professional Responsibility, DR5-103(A)(1) and (2) and DR2-106(B)(8). Such contracts have been approved by the courts so long as they do not result in an attorney collecting a clearly excessive fee which has not been earned as defined by the Disciplinary Rules of the Code of Professional Responsibility. Saucier v. Hayes Dairy Products, Inc., supra; DR2-106.
In Garden Hill Land Corp. v. Succession of Cambre, 306 So.2d 718 (La.1975), the supreme court recognized that the following factors were to be considered in determining whether or not a contingent fee contract for 50 percent of a minor's property involved in a succession and partition proceeding was reasonable: (1) the risk of nonrecovery; (2) the amount of legal work performed; (3) the size of the estate involved in the succession proceeding; and (4) the anticipated delay in receiving the fee. The supreme court remanded that case to the district court for a reconsideration of the reasonableness of the attorney fee contract. After further district court proceedings the case was again appealed and the Fourth Circuit affirmed the trial court's finding that the contingent fee contract was unreasonable. Garden Hill Land Corp. v. Cambre, 354 So.2d 1064 (La.App. 4th Cir.1978), writ denied 356 So.2d 439 (1978). The facts of the Garden Hill Land Corp. case are readily distinguishable from the instant case. There the client was a minor and the reasonableness of the contract was viewed in light of the strong protection provided to minors. Further, there was little or no risk of nonrecovery and the minor's estate was sufficient to pay a fee on a noncontingent basis. The attorney was awarded a substantial quantum meruit fee. See also 36 La.L.Rev. 516-519.
Concerning the reasonableness of the contingent fee contract in the instant case, timesheets in the record show that the attorneys worked at least 51 hours on this matter. There is evidence that the plaintiffs advanced costs and expenses of over $300 for which they have not been reimbursed. The value of the interest in the property to be received by the plaintiffs under the contract was not established but there is some indirect evidence in the record indicating that the value may be between $3,600 and $6,000.
At the time the attorneys undertook the case and filed suit the prevailing law and jurisprudence precluded the defendant from inheriting from his father. Recognizing the status of the law but believing that the jurisprudence was moving toward granting inheritance rights to acknowledged illegitimate children, the attorneys undertook the case with the thought of pursuing it through the appellate courts to a favorable decision. Their task was made easier by the Succession of Brown decision but they nevertheless were required to perform substantial services on the defendant's behalf with a completely successful result. Defendant was not in a position at the outset to employ attorneys to handle this matter except on a contingent fee basis. The contract was entirely reasonable at the time it was made and the fee stipulated in the contract is not made unreasonable because the attorneys were able to bring the matter to a successful conclusion without the necessity of pursuing the case through the entire judicial process, as is often the case with contingent fee litigation. The 50 percent contingent fee is not excessive, given the adverse status of the law at the time the attorneys undertook the defendant's case, the substantial risk that there would be no recovery and no fee, and the substantial successful services actually rendered.
Defendant's last contention is that the contract only obligates defendant to "pay" to plaintiffs money received from his father's succession and does not contemplate that plaintiffs are to receive an interest in property of the succession. This contention is without merit. The clear import of the contract is that the attorneys are to receive, as a contingent fee, 50 percent of "any and all monies or properties" that the defendant might receive or obtain from his *943 father's estate as a result of the services of the attorneys.
The judgment of the district court is affirmed at the costs of the defendant-appellant.
Affirmed.