1 iTHIBODEAUX, Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that this matter is governed by the three year prescriptive period found in La.Civ.Code art. 3494. Instead, this matter should be properly governed by La.Civ.Code art. 3499 which provides for a liberative prescriptive period of ten years. If this were a *865 suit seeking recovery of attorney’s fees, then I would agree with the majority. However, the gravamen of the petition sounds in contract.
Paragraph 9 of the plaintiffs petition alleges that “... an agreement was made that Darrel D. Ryland would guarantee payment of the ledger expense of William Henry Sanders out of the proceeds of any judgment or settlement for Jimmy Thornhill ...” Paragraph 10 of the petition allege that “in the alternative, petitioner shows that he is also entitled to a share of the attorney’s fees.” (Emphasis supplied). The defendant, Ry-land, promised to do all that he could to protect Sanders’s “out of pocket” expenses. It is clear that Sanders wanted to recover only his expenses of $1,762.14 which he had advanced on behalf of Thornhill.
The case relied upon by the majority, Gamm Greenberg & Kaplan v. Butts, 508 So.2d 633 (La.App. 2nd Cir.1987), deals specifically with compensation for legal services rendered by an attorney before being discharged by a client. In this case, the claim is for the protection of expenses, not for the recovery of attorney’s fees. Therefore, the ten year prescription period applies.
For the foregoing reasons, I respectfully dissent.